Matter of Irace v Williams (2019 NY Slip Op 04648)





Matter of Irace v Williams


2019 NY Slip Op 04648


Decided on June 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2019

Renwick, J.P., Manzanet-Daniels, Gesmer, Kern, Singh, JJ.


9580 156160/16

[*1]In re Antonio Irace, Petitioner-Appellant,
v
Tony Williams, etc., et al., Respondents-Respondents.


Law Offices of Lee M. Nigen, Lake Success (Lee M. Nigen of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Claibourne Henry of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered January 12, 2018, denying the petition to annul the determination, dated September 25, 2014, which terminated petitioner's employment, and granting respondents' cross motion to dismiss the proceeding brought pursuant to CPLR article 78 as time-barred, unanimously affirmed, without costs.
An article 78 proceeding challenging a petitioner's termination from government employment must be brought within four months from the date the termination becomes final and binding (CPLR 217(1); Matter of Zarinfar v Board of Educ. of the City School Dist. of the City of N.Y., 93 AD3d 466 [1st Dept 2012]). We reject petitioner's argument that he was entitled to the longer limitations period available under Family Medical Leave Act (FMLA), since the crux of petitioner's proceeding was to challenge and seek redress for the administrative decision to fire him, and not to make a claim under the FMLA (see Amaranth LLC v J.P. Morgan Chase & Co., 71 AD3d 40, 47 [1st Dept 2009], lv dismissed in part, denied in part 14 NY3d 736 [2010]).
We have considered petitioner's remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2019
CLERK